## In the matter of ALBERT H. HOOK.

The Supreme Court will not review, on certiorari, proceedings taken against an individual as a disorderly person, under the act of April 17, 1860, "in relation to police and courts in the city of New York," (*Laws of* 1860, *p.* 1007,) for threatening to abandon, and abandoning his wife.

Section 4 of that act provides that any appeal from, or amendment to, an order made by a magistrate, in such proceedings, shall "be exclusively for the action of the court of special sessions." And if that court refuses to entertain jurisdiction, in such a case, it may be compelled by mandamus to do so.

CERTIORARI to reverse proceedings taken under the act of April 17, 1860, "in relation to police and courts in the city of New York." (*Laws of* 1860, *p.* 1007.) The relator was brought before a police justice as a disorderly person, on the ground that he had threatened to abandon his wife, Johanna, and had actually abandoned her. He was arrested on this charge, and brought before the magistrate, by whom he was examined. He denied the charge contained in the affidavit of his wife. He was convicted as prescribed by the statute; and he was ordered to pay twenty dollars weekly to the commissioners of public charities and correction of the city of New York. The proceedings and the trial were in conformity with the statute, except that the wife was not examined at the trial.

In the matter of Hook.

CARDOZO, J.   The statute of 1860 (*Sess. Laws of* 1860, *chap.* 508, *p.* 1007) provides that "any appeal from or amendment to" an order like that before us, shall be "exclusively" to the court of special sessions. (§ 4.)   I think, therefore, that we should not review the proceedings.   It is no answer to say that the court of sessions will not, for it may be compelled to do so by mandamus ; and as no period is limited for an appeal, the relator can bring the matter before the court, to which the statute gives "exclusive" jurisdiction, at any time.   He is not, therefore, without remedy.

I think the writ should be dismissed.

SUTHERLAND, J., concurred.

CLERKE, P. J., (dissenting.)   It seems to me that where an act speaks of conviction, it imports a trial, and a trial imports the examination of the accused, or some other witness, at the trial, in support of the charge.   In this case there was no such examination.   The only person examined was the relator, himself, who expressly denied the charge.   On the 29th of September, the wife indeed made an affidavit of the abandonment ; but she was not examined at the trial.   The trial and conviction were on the 2d of October ; when, as I have said, no witness was examined in support of the charge.

The relator, in his examination, swore that he was by occupation a machinist ; and the magistrate, as I have said, ordered him to pay $20 weekly for the support of his wife.   This is, probably, more than he can earn, throughout the year.   We could not, perhaps, reverse the conviction on this ground ; but I am in favor of reversing it on the ground of the total want of evidence.

Certiorari dismissed.

[NEW YORK GENERAL TERM, November 1, 1869.   *Clerke, Sutherland* and *Cardozo*, Justices.]